# EXHIBIT "A"

**GUERRA & CASILLAS, LLP**
Ruben Guerra, Esq. (SBN 291446)
 ruben@guerracasillas.com
Tizoc Perez-Casillas, Esq. (SBN 309981)
 tizoc@guerracasillas.com
617 South Olive Street, Suite 422
Los Angeles, California 90014
Telephone: (213) 437-9495
Facsimile: (213) 342-5503

Attorneys for Plaintiff,
VERALUZ GRAMAJO BARRIOS

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/15/2025 3:45 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Rivera, Deputy Clerk

Electronically Received 09/15/2025 03:45 PM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERALUZ GRAMAJO BARRIOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a Government Entity; LOS ANGELES WORLD AIRPORTS, a Government entity; CONCESIONARIA VUELA COMPANIA DE AVIACION, SAPI DE CV D/B/A VOLARIS, a California corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 25TRCV00497<br><br>**FIRST AMENDED COMPLAINT** FOR DAMAGES FOR:<br><br>1.  **NEGLIGENCE;**<br>2.  **PREMISES LIABILITY;**<br><br>[DEMAND FOR JURY TRIAL]<br><br>[UNLIMITED JURISDICTION Amount in Controversy over $35,000] |

**COMES NOW PLAINTIFF, VERALUZ GRAMAJO BARRIOS** and for causes of action against the Defendants and each of them, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those

-1-
FIRST AMENDED COMPLAINT FOR DAMAGES

given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

2. Upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render this Court's jurisdiction over it consisted with traditional notions of fair play and substantial justice and thus this Court properly has jurisdiction over all Defendants.

3. This judicial district is the proper venue, as to all Defendants, because the amount in controversy exceeds $35,000.00 and pursuant to Code of Civil Procedure section 395(a) and 395.5, the acts herein complained of, and the injuries to Plaintiff, occurred in the County of Los Angeles.

## THE PARTIES

1. Plaintiff, VERALUZ GRAMAJO BARRIOS ("GRAMAJO BARRIOS"), is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

2. LOS ANGELES WORLD AIRPORTS ("LAWA") is and was at all times relevant herein an individual, a citizen of the State of California, and resident of Los Angeles County, California.

3. Plaintiff is informed and believes, and thereon alleges that Defendant CITY OF LOS ANGELES ("CITY OF LA"), is and at all times mentioned herein, a Government Entity, located, and operating within the geographical bounds of the City of Los Angeles, County of Los Angeles, State of California, with its principal place of business in the same location.

4. Plaintiff is informed and believes, and thereon alleges that Defendant CONCESIONARIA VUELA COMPANIA DE AVIACION, SAPI DE CV D/B/A VOLARIS ("VOLARIS"), is and at all times mentioned herein, a California corporation, located, and operating within the geographical bounds of the City of Los Angeles, County of Los Angeles, State of California, including at Los Angeles International Airport (LAX), with its principal place of business in the same location.

5. As used herein the term "Defendants" means all Defendants, including LAWA, CITY OF LA, and VOLARIS, and DOES 1 through 25, both jointly and severally, and references by name to any named one Defendant shall include and reference all Defendants, both individual, corporate and business entities, both specifically named and unnamed, and both jointly and severally to all.

-2-
FIRST AMENDED COMPLAINT FOR DAMAGES

6. The true names and capacities, whether individual, corporate, or otherwise, of Defendant(s) DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to show the true names and capacities thereof when the same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is responsible, negligently or in some other manner, for the events, occurrences and happenings herein referred to, as thereby and through which proximately caused injuries and damages to the Plaintiff as hereinafter alleged.

## STATEMENT OF RELEVANT FACTS

8. Each and all of the acts, events, circumstances, injuries and damages alleged hereinafter, took place and were sustained on or about the date of January 21, 2024, on, at, or about LAX premises, in the City of Los Angeles and County of Los Angeles, State of California postal zip code 90045, under and within this Court's Judicial District (the "SUBJECT PREMISES").

9. While at the airport, Plaintiff was being transported via one of Defendants' motorized vehicle (golf cart) (the "GOLF CART") to transfer into a wheelchair. The vehicle had a rail on the side to prevent handicap passengers from falling off. This particular vehicle did not have a rail that was properly secured. As Plaintiff was instructed to get off the cart by the representative, she tripped on the faulty rail, causing her to fall forward.

10. Based on their respective agencies, ownership, management, maintenance, repairs, directions, supervision and/or basic, general, and specific operations of the GOLF CART and subject premises as the location of the subject incident identified herein, Defendants, and each of them, owed a duty of care to Plaintiff. Defendants, and each of them, also owed a duty to act reasonably towards both the Plaintiff and as well as to general people in society, towards other individuals, and those in and within their subject premises, to avoid the risks of damages, harm and/or injury.

11. With reference to this Complaint, prior to the filing of this action, Plaintiff satisfied and timely complied with the government tort claim presentation guidelines/requirements as prescribed by California law, including those provided by *Government Code* section 900 *et seq.,* and all other applicable government claims statutes and California law.

12. Plaintiff and/or their authorized representatives' timely presented government claims with Defendant CITY OF LOS ANGELES.

13. As presented to the Defendants, Plaintiff's claims referenced the existence of Plaintiff's claim, provided Defendants, inter alia, with sufficient information to enable Defendants to adequately investigate Plaintiff's claim so that Defendants could determine whether to settle these claims without the expense of litigation, and also put Defendants on notice that litigation would result if these claims were not satisfactorily resolved.

14. Said government claim was not provided written notice of rejection and was deemed rejected by Defendant CITY OF LOS ANGELES pursuant to Government Code § 945.4. This Complaint is timely filed within the time permitted after written notice of rejection of this claim was not given.

*15.* Defendants' liability to the Plaintiffs is based upon the laws of this State, including, but not limited to, *Government Code* §§ 815,.2, 835, 835.2(a), 820(a), and *Civil Code* §§ 1714(a), which respectively provide, in pertinent part, as follows:

*Government Code* §§ 815.2(a):

"A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 820(a) further states that "… a public employee is liable for injury caused by his act or omission to the same extent as a private person."

*Civil Code* §§ 1714(a):

"Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself. The design, distribution, or marketing of firearms and ammunition is not exempt from the duty to use ordinary care and skill that is required by this section. The extent of liability in these cases is defined by the Title on Compensatory Relief."

16. As articulated under the laws of this State, including, without limitation, *Civil Code* § 1714(a), at all relevant times mentioned herein, Defendants, and each of them, owed Plaintiffs a duty to use ordinary care towards the Plaintiff and to avoid harm to Plaintiff. (See *Rowland v. Christian* (1968)

69 Cal.2d 108, 112 ["All persons are required to use ordinary care to prevent others being injured as the result of their conduct."].)

## GENERAL DAMAGES

17.  As the direct and proximate cause of the negligence of the Defendants, and each of them, Plaintiff was hurt and injured as to her health, strength and activity, sustaining severe injuries to their body and severe shock and injuries to his nervous system, all of which injuries have caused and continue to cause them mental and physical pain, anguish, suffering, discomfort, hardship, hassle, inconvenience, stress, and hardship, all of which go towards his general non-economic damages, and are in an amount in excess of the jurisdictional minimum of this Court.

18.  As such, Plaintiff will, for a period of time in the future, be required to employ physicians and incur additional medical and incidental expenses thereby. The exact amount of such expenses is presently unknown to Plaintiff and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount thereof when the same has been more fully and completely ascertained.

19.  At the time of the above-mentioned incident, Plaintiff was gainfully employed. As a further and direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was for a period of time unable to attend to his usual employment and has lost income. The exact amount of such damages is presently unknown to Plaintiff and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount thereof when the same has been more fully and completely ascertained.

20.  Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of the negligence of the Defendants, and each of them, said Plaintiff will, for a period of time in the future, be unable to attend and\or obtain gainful employment or that their ability to obtain gainful employment is diminished and\or their earning capacity has been diminished. The exact amount of such losses is presently unknown to said Plaintiff and said Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount thereof when the same has been more fully and completely ascertained.

21.  As a further and direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was required to and did incur medical and incidental expenses thereby, through which

and continuing to be billed and incurred against Plaintiff. The exact amount of such expenses is presently unknown to Plaintiff and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount thereof when the same has been more fully and completely ascertained.

# FIRST CAUSE OF ACTION
## FOR NEGLIGENCE
### AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

22.   Plaintiff re-alleges and incorporates by reference each and every allegation contained above as if fully set forth in full herein.

23.   Upon information and belief, Plaintiff alleges that at all times mentioned herein, Defendants, or authorized agents of said Defendants, owned, maintained, managed, repaired, inspected, controlled, entrusted, supervised, drove and\or operated motor vehicles, including but not limited to their ownership, maintenance, management, repair, inspection, control, entrustment, supervision and operation of a motor vehicle, including a vehicle described as a golf cart or other motorized vehicle. (See Cal. Gov. Code § 820(a) ["…a public employee is liable for injury caused by his act or omission to the same extent as a private person."].)

24.   At the aforementioned time and place mentioned herein above, Defendants, and each of them, owned, negligently entrusted, maintained, controlled, managed, manufactured, operated, repaired, distributed, and/or inspected said motor vehicle, identified as GOLF CART (or, the vehicle said Defendants were operating),the same vehicle which was carrying the Plaintiff; thereby causing Plaintiff to suffer and sustain injuries and damages in an amount according to proof but in excess of the jurisdictional minimum of this Court.

25.   By carrying out the acts complained of herein, and/or in their failing to act or carry out acts necessary and/or reasonably necessary and/or required of them, so as to prevent foreseeable users, invitees, patrons and thereby customers of their GOLF CART and subject premises, such as Plaintiff, from being exposed to perilous and unsafe conditions, and to do so properly within said duties, as mentioned herein, Defendants, and each of them, were negligent in that they, and each of them, breached their respective duties of said care as owed to the Plaintiff.

26. Defendants, and each of them, knew, or in exercise of reasonable care customary for entrustment, maintenance, control, management, driving, manufacture, distribution, operation, repair, and/or inspection, of said Defendants, and each of them, knew, or in exercise of reasonable care customary for entrustment, maintenance, control, management, driving, manufacture, distribution, operation, repair, and/or inspection, of said GOLF CART or the vehicle carrying Defendants, should have known such actions and omissions constituted a dangerous and an unreasonable risk of harm, of which Plaintiff was at all times unaware of.

27. Defendants, and each of them, negligently failed to take steps to either make the condition safe or warn Plaintiff of the dangerous condition, thereby causing the hereinafter described injuries and damages to Plaintiff, should have known such actions and omissions constituted a dangerous and an unreasonable risk of harm, of which Plaintiff was at all times unaware of.  Defendants, and each of them, negligently failed to take steps to either make the condition safe or warn Plaintiff of the dangerous condition, thereby causing the hereinafter described injuries and damages to Plaintiff.

28. At the aforementioned time and place mentioned herein above, Defendants, and each of them, negligently entrusted said GOLF CART (or the vehicle that was operated/used/controlled by the remaining Defendants at the time of the accident herein sued upon) to the remaining Defendants and/or negligently selected, hired, and/or retained the remaining Defendants to maintain, manage, and/or repair said vehicle, thereby causing the hereinafter described injuries and damages to Plaintiff.

29. Upon information and belief, at the time of and prior to the collision alleged herein, Defendants, were unfit or incompetent to operate/control/use/repair/inspect said GOLF CART (or the vehicle that was operated/used/controlled by Defendants at the time of the accident herein sued upon) and/or were unfit or incompetent to perform the work for which said Defendants were selected, hired and/or retained by the remaining Defendants

30. At the time of and prior to the collision alleged herein, Defendants knew or should have known that the remaining Defendants, were unfit or incompetent to operate/control/use/repair/inspect or otherwise manage said GOLF CART (or the vehicle operated by Defendants), and that the remaining Defendants, created a particular risk to others, such as the Plaintiff.

31.     Defendants entrusted said GOLF CART (or the vehicle operated by the remaining Defendants) to the remaining Defendants, and/or selected, hired, and/or retained the remaining Defendants, despite their actual or constructive knowledge of the unfitness or incompetence of the remaining Defendants, as alleged herein.

32.     Defendants' negligence in selecting, hiring, supervising, and/or retaining the remaining Defendants, and/or entrusting said Defendants to operate/control/use/repair/inspect or otherwise manage said GOLF CART (or the vehicle operated by Defendants at the time of the accident sued upon herein), was a substantial factor in causing the Plaintiff's harm as alleged more fully herein.

## SECOND CAUSE OF ACTION
## FOR PREMISES LIABILITY
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

33.     Plaintiff re-alleges and incorporates by reference each and every allegation contained above as if fully set forth in full herein.

34.     At all time herein mentioned, the California *Government Code*, section 835, provides that a "public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." (*Farmers Ins. Group v. County of Santa Clara* (1995) 11 Cal.4th 992, 47 Cal.Rptr.2d 478.)

35.     Defendants own, maintain, and/or control the SUBJECT PREMISES location where Plaintiff's injury occurred.

36.     The SUBJECT PREMISES was in a dangerous condition at the time of Plaintiff's injury, and the dangerous condition created a reasonably foreseeable risk of the kind of injury that Plaintiff sustained.

-8-
FIRST AMENDED COMPLAINT FOR DAMAGES

37. The negligent and wrongful conduct of Defendants' employee acting within the scope of employment created the dangerous condition.

38. Defendants had actual and constructive notice of the SUBJECT PREMISES' dangerous condition in a reasonable amount of time to have taken preventative measures. (Cal. Gov. Code § 835.2(a).)

39. Plaintiff was harmed and the dangerous condition was a substantial factor in causing Plaintiff's harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For past present and future general non-economic damages, according to proof and in an amount in excess of the jurisdictional minimum of this Court;
2. For past, present and future medical and incidental expenses according to proof;
3. For property damage according to proof;
4. For loss of use of the vehicles according to proof;
5. For all other special and incidental economic damages according to proof;
6. For past, present and future loss of earning according to proof;
7. For loss of earning capacity according to proof;
8. For pre-judgement interest according to proof;
9. For costs of suit incurred herein;
10. For attorney's fees as provided by law;
11. For such other and further relief as the Court may deem just and proper

//

DATED:  June 30, 2025                               **GUERRA & CASILLAS LLP**

By: _____
Ruben Guerra, Esq.
Tizoc Perez-Casillas, Esq.
Guile Gomez, Esq.
Attorneys for Plaintiff
VERALUZ GRAMAJO BARRIOS

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED:  June 30, 2025                               **GUERRA & CASILLAS LLP**

By: _____
Ruben Guerra, Esq.
Tizoc Perez-Casillas, Esq.
Guile Gomez, Esq.
Attorneys for Plaintiff
VERALUZ GRAMAJO BARRIOS

**PROOF OF SERVICE**
**Case No. 25TRCV00497**
***Gramajo Barrios v. City of Los Angeles, et al.***

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 617 South Olive Street, Suite 915, Los Angeles, California 90014.

On September 15, 2025, I served the foregoing document(s) described as **FIRST AMENDED COMPLAINT** on the interested parties described in the attached service list in this action as follows:

| | |
|---|---|
| Edward W. Seo, SBN# 256899<br>Nicolas H. Pak, SBN# 330337<br>**LEWIS BRISBOIS BISGAARD & SMITH LLP**<br>633 West 5th Street, Suite 4000<br>Los Angeles, California 90071<br>Tel: 213-250-1800<br>Fax: 213-250-7900<br>Edward.Seo@lewisbrisbois.com<br>Nicolas.Pak@lewisbrisbois.com<br>Annie.Cho@lewisbrisbois.com<br>Belinda.Villalobos@lewisbrisbois.com | *Attorneys for Defendants CITY OF LOS ANGELES, LOS ANGELES WORLD AIRPORTS, and CONCESIONARIA VUELA COMPANIA DE AVIACION, SAPI DE CV D/B/A VOLARIS* |

☒ BY ELECTRONIC TRANSMISSION: I caused a copy of the document(s) listed above to be sent via electronic transmission either through email or through an electronic delivery service to the person(s) at the e-mail addresses listed above on this day. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on September 15, 2025, at Los Angeles, California.

☒ STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Jessamine Lan                                              /s/Jessamine Lan

-1-
PROOF OF SERVICE